UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHAWN MARSHALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-00781-JPH-MG |
| | ) |
| ANDIS Sgt., | ) |
| KAFFENBERGER Sgt., | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT AND
DIRECTING FURTHER PROCEEDINGS**

Plaintiff Shawn Marshall is a prisoner currently incarcerated at Pendleton Correctional Facility. He filed this civil rights action alleging that he was subjected to excessive force in violation of his Eighth Amendment rights. Dkt. 1. Because Mr. Marshall is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c). In this order, the Court also addresses Mr. Marshall's motion for status of his request to waive the filing fee and motion for status report.

**I. Motion for Status of Motion to Waive Filing Fee**

Mr. Marshall's motion, dkt. [13], is **granted** to the extent that the Court informs him that his motion to waive the filing fee was granted on June 23, 2023. The clerk is **directed to** send Mr. Marshall a copy of dkt. 12 along with a copy of this order.

1

### II. Motion for Status Report

Mr. Marshall's motion, dkt. [14], is **granted** to the extent that the Court informs him that his complaint has been screened. The Court will provide further instructions once defendants have answered.

### III. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

### IV. The Complaint

The complaint alleges claims against Sergeant Andis and Sergeant Kaffenberger. Mr. Marshall asserts that on April 13, 2023, he was attacked by another prisoner. During this attack, Sergeant Kaffenberger ordered him to get

on the ground. When Mr. Marshall complied with Sergeant Kaffenberger's order, Sergeant Andis entered the room and sprayed Mr. Marshall with an entire can of "Mark-90 . . . a fogger [] spray for riots." Dkt. 1 at 3. Sergeant Kaffenberger also sprayed him with OC spray. These actions caused Mr. Marshall to be unable to see out of his eyes for two hours. He seeks compensatory damages for his injuries.

### V.  Discussion of Claims

Mr. Marshall's Eighth Amendment excessive force claims **shall proceed** against Sergeant Andis and Sergeant Kaffenberger. The use of excessive force can support a viable claim under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992); *McCottrell v. White*, 933 F.3d 651, 622 (7th Cir. 2019) (noting that prisoner bystanders may bring an Eighth Amendment excessive force claim pursuant to injuries incurred during an unlawful use of force). Because Mr. Marshall has alleged sufficient facts to state excessive force claims, these claims **shall proceed** Sergeant Andis and Sergeant Kaffenberger in their individual capacities.

These Eighth Amendment claims include all of the viable claims identified by the Court. All other claims have been dismissed. If Mr. Marshall believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through September 15, 2023,** in which to identify those claims.

### IV.  Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Sergeant Andis and Sergeant Kaffenberger in the manner specified

3

by Rule 4(d). Process shall consist of the complaint filed on May 5, 2023, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 8/17/2023

                                                    James Patrick Hanlon
                                                   United States District Judge
                                                   Southern District of Indiana

Distribution:

SHAWN MARSHALL
218555
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Electronic service to Indiana Department of Correction:
    Sergeant Andis
    Sergeant Kaffenberger
    (All at Pendleton Correctional Facility)